IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENA LOUISE HEMENWAY,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,[1]<br>*Commissioner of Social Security,*<br><br>Defendant. | ) | Civil Action No. 22-345-E |

ORDER

AND NOW, this 8th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff's underlying argument is that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence because the ALJ failed to analyze the consistency and supportability of Dr. Brooke Kelly, D.O.'s treating source opinion in accordance with the governing regulations. (Doc. No. 15). As explained herein, the Court disagrees and will affirm the ALJ's non-disability determination.

The ALJ analyzed Dr. Kelly's opinion when crafting Plaintiff's residual functional capacity ("RFC"). This analysis resulted in the following RFC finding:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she would be limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, and scaffolds; and occasional balancing, stooping, kneeling, crouching, and crawling. She would be limited to frequent left upper extremity reaching, handling, and fingering; occasional left upper extremity overhead reaching; and no concentrated exposure to excessive cold, wetness, vibration, or workplace hazards, including unprotected machinery and unprotected heights. She would be limited to no greater than a moderate noise level, as defined in the Select Characteristics of Occupations. Work would also be limited to SVP 1 and 2 jobs, consisting of simple, routine, and repetitive tasks; involving only simple, work-related decisions; with few, if any, workplace changes. The claimant would be limited to no production rate or pace work, such as assembly line work. She is capable of frequent interaction with the public, coworkers, and supervisors.

(R. 15). Relying on this RFC, the ALJ determined Plaintiff could not perform past relevant work, but that there were other jobs within the national economy that Plaintiff could perform given these limitations. (R. 19-20).

Plaintiff argues the ALJ failed to properly evaluate the supportability and consistency of Dr. Kelly's treating source statement. (Doc. No. 15 at 6-11). Dr. Kelly is a pain specialist who consistently treated Plaintiff for chronic pain and provided a medical source statement based on Plaintiff's scoliosis, myofascial pain, and chronic thoracic pain. (*Id.* at 6; R. 437). Plaintiff argues the ALJ did not compare Dr. Kelly's

ultimate medical opinion to her articulated support for such an opinion. (Doc. No. 15 at 8-9). Plaintiff is particularly concerned with Dr. Kelly's opined limitations that Plaintiff would be off-task 10% of an eight-hour work day and miss about two days per-month. (*Id.* at 9-11). Plaintiff argues that the ALJ improperly rejected this opinion because these limitations would render Plaintiff disabled. (*Id.* at 10). For all these reasons, Plaintiff argues that this Court should remand this case. (*Id.* at 11).

The Court first notes that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* 20 C.F.R. §§ 404.1520c(b) and (c). One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Here, the ALJ sufficiently analyzed the consistency and supportability factors in relation to Dr. Kelly's opinion. The ALJ stated:

> The undersigned finds [Dr. Kelly's] opinion to be partially persuasive, in that it calls for a reduced range of work, as that is generally consistent with and supported by the medical evidence of record. Dr. Kelly relies on the claimant's longitudinal history of pain and treatment for pain in fashioning her opinion (e.g., Exhibit B7F). The claimant consistently sought treatment throughout the relevant period for chronic pain (e.g., Exhibit B4F). Dr. Kelly's function-by-function portion of her medical source statement is essentially consistent with a capacity for work at the light exertional level.
>
> However, the record fails to support an off-task or excessive absenteeism provision opined by Dr. Kelly, and the undersigned does not find that portion of Dr. Kelly's opinion to be particularly persuasive. Though the claimant has a longitudinal treatment [history] for chronic pain, the medical evidence of record fails to provide support for a degree of off-task behavior and absenteeism that would render the claimant disabled. Her mental status examinations are routinely within normal limits. Her physical examinations indicated functional range of motion and motor strength, as

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

---

> well as normal gait and success with conservative interventions. As such, the undersigned finds that Dr. Kelly's medical opinion is only partially persuasive, as it is not fully supported by her own treatment notes. Her opinion is generally consistent with the remainder of the medical evidence, which generally indicates an ability to perform a restricted range of light work.

(R. 18). As this shows, the ALJ found Dr. Kelly's opinion consistent by comparing it to other evidence of record and found this opinion was not supported by comparing it to Dr. Kelly's treatment notes and Plaintiff's longitudinal history. (*Id.*) This consistency and supportability analysis is sufficient and addresses these factors in their appropriate contexts. *See Cook*, 2021 WL 1565832, at *3.

Moreover, the ALJ sufficiently analyzed Dr. Kelly's opinion as to Plaintiff's off-task time and absenteeism. The ALJ considered the consistency of Dr. Kelly's opinion in regard to her opined off-task time and absenteeism by analyzing the record evidence, which showed normal mental status examinations and physical examination findings of functional range of motion and motor strength, and normal gait. (R. 13-19); *see Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (noting the ALJ's decision is read "as a whole"). Further, as the second paragraph of the above quoted portion shows, the ALJ analyzed the supportability of Dr. Kelly's opined off-task time and absenteeism by noting that the medical evidence of record did not support this finding and that Dr. Kelly's own treatment notes, which showed routinely normal mental status examinations, did not support this opinion. (R. 18). Ultimately, as Defendant notes, Plaintiff is asking this Court to reweigh the evidence. (Doc. No. 19 at 17).

The Court also rejects Plaintiff's argument that the ALJ discounted Dr. Kelly's opinion because it supports a finding of disability. (Doc. No. 15 at 10). As Defendant notes, the ALJ's statement was an explanation that although Plaintiff had longitudinal treatment for chronic pain, the medical evidence of record failed to support the degree of off-task behavior and absenteeism that would render her disabled. (Doc. No. 19 at 16-17; R. 18). This was not a rejection of Dr. Kelly's opinion because it rendered Plaintiff disabled, but a rejection of this opinion based on Plaintiff's medical record. Accordingly, Plaintiff's argument as to this point is without merit.

For these reasons, the Court affirms the decision of the ALJ.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record